# IN THE UNITED STATES COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# ABILENE DIVISION

**JAMIE BARNES,**

    **Plaintiff,**

v.                                            **CASE NO.: 1:23-CV-178-H**

**NORBERT HUNT, KATRINE PAYNE AND
ALEXANDER LOGISTICS, LLC,**

    **Defendants.**

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, JAMIE BARNES, sues Defendants, NORBERT HUNT, KATRINE PAYNE and ALEXANDER LOGISTICS, LLC state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the non-resident Defendants because Defendants were doing business in the State of Texas, and have continuing business contacts within the State of Texas.

2. Venue of this case is proper in the Abilene division of the Northern District of Texas because the collision made the basis of this suit occurred in Nolan County, Texas, located within the boundaries of the Abilene division of the Northern District of Texas.

3. Plaintiff's damages are in excess of the minimum jurisdictional limits of $75,000.

## DEFENDANTS' ROLES IN THE TRANSPORTATION BUSINESS

4. At all times Alexander Logistics, LLC, was a for hire motor carrier operating under the authority of the United States Department of Transportation ("USDOT").

5. In applying for and maintaining operating authority as a motor carrier, Defendant Alexander Logistics, LLC certified to the USDOT that it would:

   a. Have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

   b. Have in place a driver safety training/orientation program;

   c. Be familiar with DOT regulations governing driver qualifications and have in place a system for overseeing driver qualification requirements (49 CFR 391);

   d. Have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance; and,

   e. Comply with all pertinent Federal, State, local and tribal statutory and regulatory requirements when operating within the United States.

6. At the time of the crash, Defendant Alexander Logistics, LLC was the registered owner of the 1994 Peterbilt Tractor with VIN# 1XP5DB9X0RN360096 and Trailer bearing VIN# 1UVYFS2480N5748906 (jointly "Truck") involved in this Crash.

7. At all relevant times, the Truck was a commercial motor vehicle as that term is defined in Texas Transportation Code 548.001 316, and it was being operated under the control and USDOT authority of Defendant Alexander Logistics, LLC.

8. At all relevant times, Defendant Norbert Hunt was licensed commercial vehicle operator driving the Truck in the course and scope of his agency with Alexander Logistics, LLC.

9. Katrine Payne is the owner of Alexander Logistics, LLC.

## THE CRASH

10. On February 8, 2022 at approximately 5:10 pm, the Plaintiff was operating a motor vehicle eastbound on the 244 mile marker of IH 20 in Nolan County, Sweetwater, Texas.

11. At that time and place, Defendant Norbert Hunt made an unsafe lane change into Plaintiff's lane and struck Plaintiff's vehicle forcing Plaintiff off the paved portion of the roadway and into a concrete barrier. Plaintiff's vehicle flipped side-over-side and landed on its wheels in the center median.

12. At all relevant times, the Plaintiff was properly restrained and did not contribute in any way to the crash or his injuries.

13. Each Defendant acted in a manner that either alone or combined with the actions of other Defendants' acts of negligence, directly and proximately caused the crash and the resulting injuries to the Plaintiff.

### PLAINTIFF'S DAMAGES

14. As a result of the crash, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent, and the Plaintiff will suffer the losses in the future. The Plaintiff's automobile was damaged, and he lost the use of it during the period required for its repair or replacement ("Plaintiff's Damages").

### COUNT I

### NEGLIGENCE AGAINST DEFENDANT NORBERT HUNT

The Plaintiff incorporates herein the allegations in paragraphs 1-3 and 5-16.

15. Defendant Norbert Hunt had a duty to operate the Truck in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe operation and maintenance of commercial motor vehicles.

16. Defendant Norbert Hunt breached those duties and was therefore negligent, in one or more of, but not limited to, the following ways:

   a. failing to keep a proper lookout;

   b. failing to maintain a proper lane in violation Texas Transportation code §454.103;

   c. failing to move from the lane unless it can move safely in violation of Texas Transportation Code §545.060;

   d. failing to maintain a reasonable speed under the circumstances in violation of Texas transportation Code §545.351;

   e. driving the Truck while distracted;

   f. driving the Truck while fatigued;

   g. failure to adopt and adhere to the Texas Commercial Motor Vehicle Drivers Handbook under 49 CFR 383.131

   h. failure to avoid using a cell phone under 49 CFR 383, 384, 390, 391, and 392.

   i. failing to a proper lookout for hazards under the TCMVDH 2.8

   j. failure to have the proper knowledge and skill under 49 CFR 383.11

   k. Failure to perform a proper visual search under 49 CFR 383.11(a)(7)

   l. failing to take appropriate evasive action under 49 CFR 383.11(a)(14);

   m. failing to properly inspect the Truck in violation of 49 CFR §396.11;

   n. failing to maintain the Truck in proper repair in violation of 49 CFR §396.1; and/or

   o. crashing into the Plaintiff's vehicle.

17. Defendant Norbert Hunt's negligent conduct also violated laws intended to protect and prevent crashes with drivers like the Plaintiff.

18. Defendant Norbert Hunt's negligence directly and proximately caused the Plaintiff's Damages.

## COUNT II

## NEGLIGENCE AGAINST DEFENDANTS KATRINA PAYNE AND ALEXANDER LOGISTICS, LLC

The Plaintiff incorporates herein the allegations in paragraphs 1-4, and 6-20.

19. Defendant Alexander Logistics, LLC had a duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of commercial motor vehicles.

20. Defendant Alexander Logistics, LLC breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

   a. Failing to verify and ensure that Defendant Norbert Hunt operated the Truck in a reasonably safe manner and abided by all laws governing the safe operation of commercial motor vehicles, in violation of 49 C.F.R. §392.1;

   b. Failing to properly train and instruct Defendant Norbert Hunt and its drivers on defensive driving, safe driving, proper following distance and proper lookout in violation of 49 C.F.R. §383.111;

   c. Failing to properly supervise Defendant Norbert Hunt and identify dangerous routes and driving behavior that could have been corrected to avoid this crash;

   d. failing to properly inspect and maintain the Truck in violation of 49 CFR §396.11 and 49 CFR §396.1; and/or

   e. Knowingly failing to promote and enforce systems and procedures for the safe operation of motor vehicles and, thus, creating a zone and culture of risk that

constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including the Plaintiff;

21. Defendant Alexander Logistics, LLC's negligent conduct also violated laws intended to protect and prevent crashes with drivers like the Plaintiff.

22. Defendant Alexander Logistics, LLC's negligence directly and proximately caused the Plaintiff's Damages.

## COUNT III

## NEGLIGENT ENTRUSTMENT AGAINST DEFENDANTS KATRINA PAYNE AND ALEXANDER LOGISTICS, LLC

The Plaintiff incorporates herein the allegations in paragraphs 1-4, and 6-20.

23. Defendant Alexander Logistics, LLC had a duty to avoid the foreseeable harm posed by entrusting the Truck to a dangerous and unqualified driver like Defendant Norbert Hunt.

24. Defendant Alexander Logistics, LLC breached that duty and was therefore negligent, when it entrusted the Truck to Defendant Norbert Hunt despite his record of unsafe and negligent driving and unfitness to operate a commercial motor vehicle, which were or should have been known to Defendant Alexander Logistics, LLC.

25. Defendant Alexander Logistics, LLC's negligence directly and proximately caused the Plaintiff's Damages.

## COUNT IV

## STRICT LIABILITY AGAINST DEFENDANTS KATRINA PAYNE AND ALEXANDER LOGISTICS, LLC

The Plaintiff incorporates herein the allegations in paragraphs 1-4 and 6-20.

26. At the time of the crash, Defendant Norbert Hunt was operating the Truck, a dangerous instrumentality, with Defendant Alexander Logistics, LLC's permission.

27.     Therefore, Defendant Alexander Logistics, LLC is strictly liable for Defendant Norbert Hunt's negligence and the resulting Plaintiff's Damages.

## COUNT V

## VICARIOUS LIABILITY AGAINST DEFENDANTS KATRINA PAYNE AND ALEXANDER LOGISTICS, LLC

The Plaintiff incorporates herein the allegations in paragraphs 1-4, and 7-20.

28.     At all relevant times, Defendant Norbert Hunt was Defendant Alexander Logistics, LLC's statutory employee of, acting within the course and scope of his agency or employment with, and under the direct control and for the benefit of Defendant Alexander Logistics, LLC.

29.     Therefore, Defendant Alexander Logistics, LLC is vicariously liable for the negligent acts of Defendant Norbert Hunt.

**WHEREFORE**, the Plaintiff demands judgment against Defendants Norbert Hunt, Katrine Payne and Alexander Logistics, LLC for all damages permitted by Texas law, including costs, prejudgment interest on medical expenses incurred and post-judgment interest.

## TRIAL BY JURY

The Plaintiff respectfully demands a trial by jury of all issues and counts so triable herein.

Dated this 17th day of October, 2023.

Respectfully submitted,

BY: */s/ Rolando de la Garza*
**ROLANDO DE LA GARZA**
State Bar No. 24097579
E-Mail: Rolando@cainfirm.com
**W. BRETT CAIN**
State Bar No. 24048379
E-Mail: Brett@cainfirm.com

**THE CAIN LAW FIRM, PC**
301 Commerce St., Ste. 2395
Ft. Worth, Texas 76102
Telephone: (682) 738-4691
Facsimile: (817) 573-4848
E-Service: eservice@cainfirm.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 17th day of October, 2023, pursuant to the Federal Rules of Civil Procedure.

*/s/ Rolando de la Garza*
**ROLANDO DE LA GARZA**